# EXHIBIT 1

CF#93041089 DN/bt (5/17/93)

*2727-B*

## Deed of Trust

**Date:** May 26, 1993

**93 208 582**

Grantor and Grantor's Mailing Address (including county):

    KELLI D. AUSTIN
    3418 Bridgette Lane
    Mount Belvieu (Chambers), Texas 77580

Trustee and Trustee's Mailing Address (including county):

    TED MURRAY, ESQUIRE
    13164 Memorial Drive
    Houston (Harris), Texas 77079

Beneficiary and Beneficiary's Mailing Address (including county):

    LEWIS M. RESSN
    c/o Ted Murray, Esquire
    13164 Memorial Drive
    Houston (Harris), Texas 77079

Note(s)

    Date: May 26, 1993

    Amount: FIFTY FIVE THOUSAND AND NO/100 DOLLARS ($55,000.00)

    Maker: KELLI D. AUSTIN, TRUSTEE and BOB AUSTIN, SR. and wife, BILLIE S. AUSTIN

    Payee: LEWIS M. RESSN

    Final Maturity Date:     As set forth in the Note

    Terms of Payment (optional):     As set forth in the Note

Property (including any improvements):

    All that tract or parcel of land more particularly described by metes and bounds on Exhibit "A", attached hereto and incorporated herein for all purposes.

Prior Lien(s) (including recording information):     NONE

Other Exceptions to Conveyance and Warranty:

    As set forth in the deed of even date herewith to Grantor.

    For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

1

93043462

GF#93041099 DH/bt (5/17/93)

**Grantor's Obligations**    93 208 583

Grantor agrees to:

1. keep the property in good repair and condition;

2. pay all taxes and assessments on the property when due;

3. preserve the lien's priority as it is established in this deed of trust;

4. maintain, in a form acceptable to Beneficiary, an insurance policy that:

    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
    b. contains an 80% coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the property is in a flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;

5. comply at all times with the requirements of the 80% coinsurance clause;

6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;

7. keep any buildings occupied as required by the insurance policy; and

8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.

3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.

4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.

5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, Beneficiary may:

2

GF#93041089.DH/bk (5/17/93)

    a.    declare the unpaid principal balance and earned interest on the note immediately due;
    b.    request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
    c.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2. sell and convey all or part of the Property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3. from the proceeds of the sale, pay, in this order:

    a.    expenses of foreclosure, including a commission to Trustee of 5% of the bid;
    b.    to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
    c.    any amounts required by law to be paid before payment to Grantor; and
    d.    to Grantor, any balance.

**General Provisions**

1. If any of the Property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any Trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien shall be superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not

3

GF#93041099 DH/bk (5/17/93)

in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the Property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term note includes all sums secured by this deed of trust.

11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term Grantor shall include Maker.

13. The Note and this Deed of Trust are given in renewal, extension and modification (but not novation) of Kelli D. Austin, Trustee's $41,000.00 promissory note dated August 28, 1991, payable to the order of J. W. GUNN INSPECTION SERVICES, INC., the payment of which is secured by, inter-alia, a Deed of Trust recorded in Volume 175, Page 600, Official Real Property Records of Chambers County, Texas.

_____
KELLI D. AUSTIN, TRUSTEE

4

GF093041089 BH/bc (5/17/93)

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

93 208 586

This instrument was acknowledged before me on the 26 day of May, 1993, A.D., by KELLI D. AUSTIN, TRUSTEE.

[Notary seal: DIANE HOLLAS NEW, Notary Public, State of Texas, My Commission Expires Nov. 12, 1995]

NOTARY PUBLIC - STATE OF TEXAS
Printed Name: _____
My Commission Expires: _____

PREPARED IN THE LAW OFFICE OF:

JOHN K. TYLER
1800 St. James Place, Suite 515
Houston, TX 77056-4110
(713) 961-0550

AFTER RECORDING RETURN TO:

RETURN TO: D. New
HOUSTON TITLE COMPANY
1800 ST. JAMES PLACE #400
HOUSTON, TEXAS 77056

1469\AUSTIN.DT

5

RETURN TO:

SAN JACINTO ABSTRACT CO.
5223 GARTH RD.
BAYTOWN, TEXAS 77521

EXHIBIT "A"

93 208 587

Attached to and forming a part of Commitment No. 93041089.

Situated in Chambers County, Texas, and being that certain 4.6992 acre tract of land, more or less, out of and a part of the WILLIAM HODGE LEAGUE, Abstract No. 13, and further being out of and a part of a 33.896 acre tract, and being the West or Southwesterly 3.896 acres of a 38.697 acre tract of land described in Deed dated June 28, 1978, recorded in Volume 419, Page 592 of the Deed Records of Chambers County, Texas, from Williams Development Corporation to J. R. Oliver, Trustee, and being a part of the 101.869 acre tract of land conveyed by Glenda Brown, et vir Lloyd Brown to Walton J. Williams and recorded in Volume 391, Page 600 of the Deed Records of Chambers County, Texas, and further being out of and a part of a 119.4 acre tract of land set aside to Lulu Fisher in Commissioners Report and Decree in Cause No. 794, styled "Walter J. Fisher vs. Joe Fisher, et al" and recorded in Volume "D", Page 16 of the Deed Records of Chambers County, Texas. The aforementioned 33.896 acres being further described in a Trustee's Deed dated May 5, 1981 from Joe B. Brack, Trustee to Williams Development Corporation and recorded in Volume 473, Page 667 of the Deed Records of Chambers County, Texas. Said 4.6992 acre tract of land, more or less, being described by metes and bounds as follows, to-wit:

ALL BEARINGS ARE LAMBERT GRID BEARINGS AND ALL COORDINATES REFER TO THE STATE PLANE COORDINATE SYSTEM, SOUTH CENTRAL ZONE, AS DEFINED IN ARTICLE 5300a OF THE REVISED CIVIL STATUTES OF THE STATE OF TEXAS.

BEGINNING at an iron rod found at the Southwest corner of the 4.00 acre tract of land described in a Partial Release from Williams Development Corporation to J. R. Oliver, Trustee, dated March 16, 1979, recorded in Volume 466, Page 581 of the Deed Records of Chambers County, Texas. Said PLACE OF BEGINNING being in the South line of the aforementioned 38.697 acre tract of land and in the South line of the aforementioned 101.869 acre tract of land at a point North 57 deg. 04 min. 22 sec. East 2,134.37 feet from a 1-1/4 inch iron pipe found at the Southwest corner of said 101.869 acre tract of land. Said PLACE OF BEGINNING being the Southeast corner of said 33.896 acre tract of land and having a State Plane Coordinate value of Y=755,994.02 and X=3,312,767.16, and being located South 57 deg. 04 min. 22 sec. West 295.41 feet from the Southeast corner of said 38.697 acre tract of land;

THENCE South 57 deg. 04 min. 22 sec. West with the South line of said 101.869 acre tract and the South line of said 38.697 acre tract and the South line of said 33.896 acre tract of and and with a fence a distance of 870.83 feet to an iron rod set for the Southwest corner of this tract of land;

THENCE North 34 deg. 25 min. 50 sec. West with the West line of this tract of land at 200.14 feet cross the South line of a 70.00 foot private road easement, in all a total distance of 235.14 feet to an iron rod set in the centerline of the said 70.00 foot easement for the Northwest corner of this tract of land;

RETURN TO: D. New
HOUSTON TITLE COMPANY
1800 ST. JAMES PLACE #400
HOUSTON, TEXAS 77056

HOUSTON
TITLE Since 1892

THENCE North 57 deg. 04 min. 22 sec. East with the North line of this tract of land and the centerline of the 70.00 foot private road easement a distance of 870.83 feet to an iron rod set in the East line of said 33.896 acre tract of land and the West line of the J. R. Oliver, Trustee 4.00 acre tract of land for the Northeast corner of this tract of land;

THENCE South 34 deg. 25 min. 50 sec. East with the East line of said 33.896 acre tract of land and the West line of the Oliver 4.00 acre tract of land a distance of 235.14 feet to the PLACE OF BEGINNING and containing 4.6992 acres of land, more or less, and being designated as TRACT NO. 1 on map prepared by R. C. McCulley, Registered Public Surveyor, dated September 3, 1986.

SAVE AND EXCEPT that certain 225 square feet tract of land conveyed to the City of Mont Belvieu by Warranty Deed dated January 9, 1989, recorded in Volume 67, Page 406 of the Official Public Records of Chambers County, Texas, from Kelli D. Austin, Trustee.

FILED FOR RECORD
93 JUN 11 PM 3:03

COUNTY CLERK
CHAMBERS COUNTY, TEXAS

STATE OF TEXAS
COUNTY OF CHAMBERS
I, NORMA (Bennie) Rowland, hereby certify that this instrument was FILED in the number sequence on the date and at the time stamped hereon by me, and was duly RECORDED in the volume and page of the OFFICIAL PUBLIC RECORDS of Chambers County, Texas, as stamped hereon by me on

JUN 11 1993

COUNTY CLERK
CHAMBERS COUNTY, TEXAS

HOUSTON
TITLE Since 1892